# No. 22-20333

IN THE

# 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

FOR THE FIFTH CIRCUIT

————— ►◄ —————

ANTONIO MARTINELLI,

*Plaintiff – Appellee*

v.

HEARST NEWSPAPERS, L.L.C., HEARST MAGAZINE MEDIA INCORPORATED,

*Defendants – Appellants.*

———————————————

On Appeal from the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 4:21-CV-3412

## BRIEF FOR DEFENDANTS-APPELLANTS

Jonathan R. Donnellan
Ravi V. Sitwala
Nathaniel S. Boyer
The Hearst Corporation
   Office of General Counsel
300 West 57th Street
New York, New York 10019
(212) 841-7000
*Attorneys for Defendants-Appellants*
*Hearst Newspapers, LLC and Hearst*
*Magazine Media, Inc.*

# No. 22-20333

IN THE

# United States Court of Appeals

## FOR THE FIFTH CIRCUIT

ANTONIO MARTINELLI,

*Plaintiff – Appellee*

v.

HEARST NEWSPAPERS, L.L.C., HEARST MAGAZINE MEDIA INCORPORATED,

*Defendants – Appellants.*

On Appeal from the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. 4:21-CV-3412

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel for Defendants-Appellants Hearst Newspapers LLC and Hearst Magazine Media, Inc. hereby certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1.  <u>Plaintiff-Appellee</u>:

    Antonio Martinelli

    <u>Attorneys of Record</u>:

    Craig B. Sanders, Esq.

i

Sanders Law Group
100 Garden City Plaza, Suite 500
Garden City, NY 11530

2.    <u>Defendants-Appellants</u>:

Hearst Newspapers LLC, is an indirect, wholly owned subsidiary of The
Hearst Corporation, a privately held company, and no publicly held
corporation owns 10% or more of its stock.

Hearst Magazine Media, Inc. is an indirect, wholly owned subsidiary of The
Hearst Corporation, a privately held company, and no publicly held
corporation owns 10% or more of its stock.

<u>Attorneys of Record</u>:

Jonathan R. Donnellan, Esq.
Ravi V. Sitwala, Esq.
Nathaniel S. Boyer, Esq.
Hearst Corporation
300 West 57th Street, 40th Floor
New York, New York 10019

/s/ Jonathan R. Donnellan
Jonathan R. Donnellan

*Attorney for Defendants-Appellants*
*Hearst Newspapers LLC and Hearst*
*Magazine Media, Inc.*

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellants request oral argument.  This matter presents a discrete legal question with implications beyond this case:  Does the "discovery rule" apply to the Copyright Act's statute of limitations?  On this question, this Court's precedent is inconsistent, and recent Supreme Court opinions have yielded a split between sister circuits and disagreements among judges of the Courts of Appeals.  A close review of precedents of this Court and the Supreme Court is warranted, and oral argument will assist in the Court's consideration.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS ......................................................... i

STATEMENT REGARDING ORAL ARGUMENT ............................................. iii

TABLE OF CONTENTS ......................................................................................... iv

TABLE OF AUTHORITIES ................................................................................... vi

STATEMENT OF JURISDICTION ......................................................................... 1

STATEMENT OF THE ISSUES ............................................................................... 1

STATEMENT OF THE CASE ................................................................................... 1

    I.      THE STIPULATED FACTS ................................................................. 1

    II.     THE DISTRICT COURT'S RULING ON SUMMARY
           JUDGMENT ........................................................................................... 4

SUMMARY OF ARGUMENT ................................................................................. 5

STANDARD OF REVIEW ....................................................................................... 8

ARGUMENT .............................................................................................................. 8

    MARTINELLI'S CLAIMS ARE BARRED BY THE
    COPYRIGHT ACT'S STATUTE OF LIMITATIONS ................................. 8

    A.     Martinelli Filed This Lawsuit More than Three Years After His
          Claims "Accrued." .................................................................................. 8

    B.     Recent Supreme Court Decisions, and a Decision of this Court,
          Instruct that the Discovery Rule Does Not Apply to the Copyright
          Act's Statute of Limitations ............................................................... 10

    C.     The Court Should Follow the Reasoning of Judge Murphy's
          Concurring Opinion in *Everly v. Everly* ........................................ 18

D.    The Only Court of Appeals Case Applying the Discovery Rule
that Engages in an Exercise of Statutory Construction Is
Based on Incomplete and Now-Rejected Reasoning ........................ 21

E.    The Circuit Split Between the Second and Ninth Circuit
Demonstrates that the Discovery Rule Cannot Be Squared with
Supreme Court Precedent ................................................................. 26

CONCLUSION .................................................................................... 31

CERTIFICATE OF SERVICE ............................................................ 32

CERTIFICATE OF COMPLIANCE .................................................... 33

CERTIFICATE OF ELECTRONIC COMPLIANCE ........................... 34

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Achee v. Port Drum Co.*,
  197 F. Supp. 2d 723 (E.D. Tex. 2002)...............................................19

*Aspen Tech., Inc. v. M3 Tech., Inc.*,
  569 F. App'x 259 (5th Cir. 2014) ..............................................12, 19

*Auscape Int'l v. Nat'l Geographic Soc'y*,
  409 F. Supp. 2d 235 (S.D.N.Y. 2004) ...............................24, 25, 26

*Batiste v. Lewis*,
  976 F.3d 493 (5th Cir. 2020) ...................................................8

*Baxter v. Curtis Indus., Inc.*,
  201 F. Supp. 100 (N.D. Ohio 1962) .........................................24

*Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp.
  of Cal., Inc.*,
  522 U.S. 192 (1997)...........................................9, 11, 15, 29

*Bodenheimer v. PPG Indus., Inc.*,
  5 F.3d 955 (5th Cir. 1993) .....................................................8

*Burell v. Prudential Ins. Co. of Am.*,
  820 F.3d 132 (5th Cir. 2016) .................................................8

*Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*,
  770 F.3d 610 (7th Cir. 2014) ...............................................12

*Clark v. Iowa City*,
  87 U.S. 583 (1875)................................................................11

*Cooper v. NCS Pearson, Inc.*,
  733 F.3d 1013 (10th Cir. 2013) ...........................................20

*Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*,
  948 F.3d 261 (5th Cir. 2020) ....................................7, 12, 28

*Everly v. Everly*,
     958 F.3d 442 (6th Cir. 2020) .......................................................*passim*

*Fogerty v. Fantasy, Inc.*,
     510 U.S. 517 (1994).................................................................................22

*Gabelli v. S.E.C.*,
     568 U.S. 442 (2013)...................................................................9, 15, 18

*Gahagan v. United States Citizenship & Immigr. Servs.*,
     911 F.3d 298 (5th Cir. 2018) .......................................................12, 20

*Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*,
     545 U.S. 409 (2005)......................................................................7, 14

*Graper v. Mid-Continent Cas. Co.*,
     756 F.3d 388 (5th Cir. 2014) ...................................................5, 12, 20

*Jordan v. Sony BMG Music Ent. Inc.*,
     354 F. App'x 942 (5th Cir. 2009) .......................................................19

*Petrella v. Metro-Goldwyn-Mayer, Inc.*,
     572 U.S. 663 (2014)................................................................*passim*

*Polar Bear Prods., Inc. v. Timex Corp.*,
     384 F.3d 700 (9th Cir. 2004) .............................................................30

*Prather v. Camerarts Publ'g Co.*,
     No. 68 C 1496, 1972 WL 17668 (N.D. Ill. Apr. 19, 1972) .........................19, 24

*Prather v. Neva Paperbacks, Inc.*,
     446 F.2d 338 (5th Cir. 1971) ...........................................................19, 23

*Pritchett v. Pound*,
     473 F.3d 217 (5th Cir. 2006) .............................................................19

*Rawlings v. Ray*,
     312 U.S. 96 (1941)..........................................................................11

*Roley v. New World Pictures, Ltd.*,
     19 F.3d 479 (9th Cir. 1994) .............................................................30

*Rotkiske v. Klemm,*
  140 S. Ct. 355 (2019) ................................................................ *passim*

*SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,*
  137 S. Ct. 954 (2017) ................................................................ *passim*

*Sohm v. Scholastic Inc.,*
  959 F.3d 39 (2d Cir. 2020) ....................................................... *passim*

*Starz Ent., LLC v. MGM Domestic Television Distrib., LLC,*
  39 F.4th 1236 (9th Cir. 2022) ................................................... *passim*

*Stone v. Williams,*
  970 F.2d 1043 (2d Cir. 1992) ............................................................23

*Taylor v. Meirick,*
  712 F.2d 1112 (7th Cir. 1983) ..........................................................23

*TRW Inc. v. Andrews,*
  534 U.S. 19 (2001) ............................................................................16

*Urie v. Thompson,*
  337 U.S. 163 (1949) ..........................................................................22

*William A. Graham Co. v. Haughey,*
  568 F.3d 425, 434 (3d Cir. 2009) ..........................................20, 21, 23

*Yue v. MSC Software Corp.,*
  No. 15-cv-05526, 2016 WL 3913001 (N.D. Cal. July 20, 2016) ......12

**Statutes**

12 U.S.C. § 3416 ....................................................................................17

15 U.S.C. § 77m .....................................................................................17

15 U.S.C. § 1681p ..................................................................................17

17 U.S.C. § 101 ........................................................................................8

17 U.S.C. § 106(5) ...................................................................................3

17 U.S.C. § 107 ......................................................................................23

17 U.S.C. § 115 (1958) ................................................................23

17 U.S.C. § 412 ............................................................................28

17 U.S.C. § 504 .................................................................3, 28, 29

17 U.S.C. § 507 .....................................................................*passim*

18 U.S.C. § 1030 .........................................................................17

28 U.S.C. § 1291 ...........................................................................1

28 U.S.C. § 1331 ...........................................................................1

28 U.S.C. § 1338 ...........................................................................1

28 U.S.C. § 2462 ...........................................................................9

35 U.S.C. § 286 ...........................................................................13

42 U.S.C. § 9612(d)(2)..................................................................17

50 U.S.C. § 4611(k)(3)..................................................................17

Act of September 7, 1957, Pub. L. No. 85–313, 71 Stat. 633 ..................................23

**Other Authorities**

*Accrue*, *Ballentine's Law Dictionary* (3d ed. 1969) ................................................18

*Accrue*, *Black's Law Dictionary* (4th ed. 1951) ......................................................18

*Copyrights—Statute of Limitations: Hearing on H.R. 781 Before the H. Comm. on the Judiciary, Subcomm. 3*, 84th Cong. 11, 51 (1955)................25

Fed. R. Civ. P. 15 ........................................................................3

Fed. R. Civ. P. 56(a).....................................................................8

3 Melville Nimmer, *Nimmer on Copyright* § 12.05[B][2][b]................................25

S. Rep. No. 85-1014 (1957), *reprinted in* 1957 U.S.C.C.A.N. 1961 ................23, 25

6 William F. Patry, *Patry on Copyright* § 20:13 .....................................................23

## STATEMENT OF JURISDICTION

The district court had jurisdiction pursuant to 28 U.S.C. § 1331 and

28 U.S.C. § 1338.  Final judgment was entered in favor of Plaintiff-Appellee

Antonio Martinelli ("Martinelli") on July 5, 2022.  ROA.453.  Defendants-

Appellants Hearst Newspapers, LLC ("Hearst Newspapers") and Hearst Magazine

Media, Inc. ("Hearst Magazines," together with Hearst Newspapers, "Hearst")

timely filed a notice of appeal from the final judgment on July 6, 2022.  ROA.454-

56.  Jurisdiction over this appeal is conferred by 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.     Under the Copyright Act's statute of limitations for civil actions, 17

U.S.C. § 507(b), does a claim for copyright infringement "accrue" when a plaintiff

knows or has reason to know of the injury upon which the claim is based (the

"discovery rule"), or does the claim "accrue" when a plaintiff has a complete and

present cause of action (the "incident-of-injury rule")?

## STATEMENT OF THE CASE

## I.     THE STIPULATED FACTS

The parties stipulated to all materials facts.  ROA.335-42.  This is a

copyright infringement case concerning the web-only use of photographs.

Martinelli authored, and thereby owns the copyright in, seven photographs

depicting the estate known as "Lugalla" or the "Guinness Castle," located in

Roundwood, County Wicklow, Ireland (the "Photographs").  ROA.336 ¶¶ 3, 4.

Martinelli created the Photographs in January 2016, ROA.336 ¶ 3, and registered

his copyrights in the Photographs in 2019 and 2020, ROA.340-41 ¶¶ 22, 23, 24.

Hearst Newspapers publishes the *Houston Chronicle* and the *San Antonio

Express-News* and operates its associated websites, including Chron.com and

MySA.com.  ROA.336 ¶ 5.  Hearst Newspapers used all seven Photographs in a

web-only news article entitled "The 'Guinness Castle' in Ireland is on the market,"

which was posted to Chron.com on March 7, 2017, ROA.336 ¶ 6, and to

MySA.com on March 13, 2017, ROA.337 ¶ 10, and which were viewable through

other websites associated with Hearst Newspapers and its affiliates, ROA.336-37

¶¶ 7, 11.  Separately, on March 14, 2017, Hearst Magazines, through its

predecessor-in-interest,[1] used five of the Photographs in a web-only news article,

on elledecor.com, entitled "The Famous Guinness Beer Castle in Ireland Is for Sale

for Nearly $30 Million."  ROA.339 ¶ 15.  As stipulated, Martinelli discovered

these uses by Hearst on various dates ranging from November 17, 2018 through

---

[1]    In March 2017, the *ELLE Décor* magazine was published by, and
elledecor.com was operated by, Hearst Communications, Inc., through its
magazines operating division.  ROA.338 ¶ 14.  On January 1, 2019, Hearst
Communications, Inc. transferred the copyrights in the editorial content of its
Hearst Magazines operating division, including the March 14 Article, to Hearst
Magazines, a wholly owned subsidiary of Hearst Communications, Inc.  ROA.339-
40 ¶ 18.  The parties agree that, for purposes of the alleged use on elledecor.com
that is at issue here, Hearst Magazines is the proper defendant.  ROA.339-40 ¶ 18.

May 28, 2020, and could not have, through reasonable diligence, discovered the uses before those dates.  ROA.340 ¶¶ 19, 20.

Due to the passage of time, Hearst has been unable to locate any record of obtaining permission for these uses of Martinelli's Photographs.  ROA.337-39 ¶¶ 8, 12, 16.  Further, Hearst has chosen not to assert a fair use defense in this case.  ROA.337-39 ¶¶ 8, 12, 16.  As a result, for purposes of this case, Hearst has conceded it infringed Martinelli's copyrights in the Photographs through its volitional acts which caused displays on March 7-14, 2017.  *See* ROA.337-39 ¶¶ 9, 13, 17; 17 U.S.C. § 106(5).  To avoid the need for discovery on the issue of damages, the parties agreed that, if successful in this action, Martinelli is entitled to recover a total of $10,000.  ROA.341-42 ¶¶ 27, 28; *see also* 17 U.S.C. § 504(b).

Martinelli did not file his original complaint in this action until October 18, 2021, naming Hearst Newspapers as a defendant.  ROA.341 ¶ 25.  On February 11, 2022, Martinelli filed an amended complaint, in which he added Hearst Magazine Media, Inc. as a defendant.[2]  ROA.341 ¶ 26.  The amended complaint asserts claims for direct copyright infringement (Counts I and II) and contributory

---

[2]    To simplify matters and because it was irrelevant to the outcome of the case in the district court, Hearst chose to not dispute that the allegations in this amended complaint, including the allegations against the new defendant, Hearst Magazines, "relate back" to the date of the original pleading.  *See* Fed. R. Civ. P. 15. Likewise, on this appeal, Hearst does not argue that these allegations do not "relate back."

copyright infringement (Count III), all arising from the above-described conduct to which the parties have stipulated.  ROA.341-42 ¶ 27.

As stipulated, Martinelli filed his original complaint (i) more than three years after Hearst used the Photographs, but (ii) less than three years after he alleges to have discovered the infringement.  Only one question remained for the district court to resolve:  Were Martinelli's claims untimely under the Copyright Act's statute of limitations?

## II.    THE DISTRICT COURT'S RULING ON SUMMARY JUDGMENT

In April 2022, Hearst moved for summary judgment, arguing Martinelli's claims were time-barred because they "accrued" when Hearst published the photographs in 2017, more than three years before Martinelli filed his original complaint.  ROA.312-33.  Martinelli moved for summary judgment at the same time, arguing that his claims were not time-barred because they did not "accrue" until he discovered the infringements, which was less than three years before he filed his original complaint.  ROA.349-73.

The district court agreed with Martinelli, denying Hearst's motion, granting Martinelli's motion, and entering final judgment in Martinelli's favor.  ROA.446-53.  The district court recognized that "the Supreme Court" has recently stated that "the statute of limitations" for copyright infringement claims "begins to run 'generally' at the point the plaintiff can file suit."  ROA.450 n.1 (quoting *Petrella*

*v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014)). But "[t]he Supreme

Court has not squarely held the discovery rule does not apply to copyright cases,"

and, as the district court saw it, "the Fifth Circuit has not backed away from its

application in its most recent opinions." ROA.450-51 n.1. Therefore, the district

court held that Martinelli's claims were timely, because they did not accrue until

he "kn[ew] or ha[d] reason to know of the injury upon which the claim is based."

ROA.450 (quoting *Graper v. Mid-Continent Cas. Co.*, 756 F.3d 388, 393 (5th Cir.

2014)).

A final judgment awarding Martinelli $10,000 was entered on July 5, 2022.

ROA.453. Hearst appeals from that final judgment. ROA.454-56.

## SUMMARY OF ARGUMENT

The Copyright Act's statute of limitations provides that "[n]o civil action

shall be maintained under the [Act] unless it is commenced within three years after

the claim accrued." 17 U.S.C. § 507(b). The Supreme Court has repeatedly held

that a claim "accrues" when the plaintiff has a complete and present cause of

action, not when that claim was discovered. *See Petrella v. Metro-Goldwyn-*

*Mayer, Inc.*, 572 U.S. 663, 670 (2014) (copyright infringement claim "ordinarily

accrues" at time of infringement).

Applying that clear standard to this infringement case, Martinelli's claim is time-barred.  He stipulated that he filed this lawsuit over four years and seven months after the alleged acts of infringement.

The circuits are split on the extent to which the discovery rule under the Copyright Act's statute of limitations survives the Supreme Court's ruling in *Petrella*.  Two years ago, the United States Court of Appeals for the Second Circuit recognized that "some language in *Petrella* is perhaps consistent with the injury rule."  *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2d Cir. 2020).  The *Sohm* court then attempted to reconcile *Petrella* with the Second Circuit's prior precedent by holding that, while a claim "accrues" when it is discovered, a copyright plaintiff may only recover damages from a three-year "lookback" period.  *Id.* at 51.  Then, just last month, this approach was rejected by a panel of the United States Court of Appeals for the Ninth Circuit.  The Ninth Circuit reasoned that the Second Circuit's holding in *Sohm* "eviscerate[s] the discovery rule," and reaffirmed the Ninth Circuit's commitment to that judge-made discovery rule doctrine.  *Starz Ent., LLC v. MGM Domestic Television Distrib., LLC*, 39 F.4th 1236, 1244 (9th Cir. 2022), *petition for reh'g en banc filed*, Aug. 29, 2022.

This Court has not yet weighed in on this circuit split.  It should do so now.

Neither the Second Circuit's nor the Ninth Circuit's approach is correct. *Petrella* and other recent Supreme Court precedent cannot be reconciled with the

discovery rule. The discovery rule simply does not apply to the Copyright Act's statute of limitations. *See Everly v. Everly*, 958 F.3d 442, 459 (6th Cir. 2020) (Murphy, J., concurring). Claims brought more than three years after a plaintiff has a complete and present cause of action are time-barred, regardless of when the plaintiff discovered or should have discovered the infringement.

This Court has already recognized that *Petrella* "takes as given that a copyright claim accrues when an infringing act occurs (the 'incident of injury' rule) . . . ." *Energy Intel. Grp., Inc. v. Kayne Anderson Cap. Advisors, L.P.*, 948 F.3d 261, 271 n.5 (5th Cir. 2020). And federal courts' rote application of the discovery rule to statutes of limitations that are silent on the matter has been criticized by the Supreme Court, referring to the practice as a "bad wine of recent vintage." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360-61 (2019) (citation omitted); *see id.* ("Congress legislates against the 'standard rule that the limitations period commences when the plaintiff has a complete and present cause of action.'" (quoting *Graham Cnty. Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 545 U.S. 409, 418-19 (2005))). Because this Court's earlier cases applying the discovery rule cannot be reconciled with recent Supreme Court precedent, those cases need not be followed here.

The district court erred by holding that the discovery rule tolls the limitations period until the time when Martinelli discovered the alleged infringements. The judgment should be reversed.

## STANDARD OF REVIEW

A district court's ruling on a motion for summary judgment is subject to *de novo* review, with this Court applying the same summary judgment standard as does a district court. *See, e.g.*, *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020); *Burell v. Prudential Ins. Co. of Am.*, 820 F.3d 132, 136 (5th Cir. 2016). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).

## ARGUMENT

### MARTINELLI'S CLAIMS ARE BARRED BY THE COPYRIGHT ACT'S STATUTE OF LIMITATIONS

#### A.     Martinelli Filed This Lawsuit More than Three Years After His Claims "Accrued."

Under the Copyright Act of 1976, "[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). The Copyright Act does not define "accrued," *see* 17 U.S.C. §

101, but a claim ordinarily accrues "when [a] plaintiff has a complete and present cause of action," *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997) (citation and quotation marks omitted).  This "natural reading" of the word "accrues" is the "standard rule"; "[i]n common parlance a right accrues when it comes into existence." *Gabelli v. S.E.C.*, 568 U.S. 442, 448 (2013) (citation omitted) (interpreting 28 U.S.C. § 2462, which states: "an action . . . shall not be entertained unless commenced within five years from the date when the claim first accrued").

Hearst's acts of copyright infringement occurred when it published the Photographs on March 7, 13, and 14, 2017.  ROA.337-39 ¶¶ 9, 13, 17.  Martinelli's claims accrued at that time, as that is the moment he had "a complete and present cause of action." *Bay Area Laundry*, 522 U.S. at 201 (citation omitted).  Martinelli did not file his original complaint until October 18, 2021.  ROA.341 ¶ 25.  Martinelli's claims therefore accrued more than three years before the filing of his original complaint, and are barred by the statute of limitations.

**B.     Recent Supreme Court Decisions, and a Decision of this Court, Instruct that the Discovery Rule Does Not Apply to the Copyright Act's Statute of Limitations.**

The district court held that the "discovery rule" rather than the "injury rule" (*i.e.*, the "standard rule") applies to copyright actions.[3]  While many Courts of Appeals, including this one, have applied the discovery rule to copyright actions, the Supreme Court's decisions in *Petrella*, 572 U.S. 663, and *Rotkiske*, 140 S. Ct. 355, have undermined the reasoning of those precedents.

<u>First</u>, in *Petrella*, the Supreme Court held that the equitable defense of laches does not apply to claims for copyright infringement brought within the statute of limitations.  572 U.S. at 677-79.  In discussing the applicable statute of limitations, the Supreme Court stated that a copyright claim ordinarily "accrue[s] *when an infringing act occurs*." *Id.* at 670-71 (alteration in original) (emphasis added) (citation omitted).[4]  This is consistent with the "separate-accrual rule,"

---

[3]     Under the familiar "discovery rule," a cause of action accrues when the plaintiff discovers, or through reasonable diligence could have discovered, the injury upon which his claim is based, whereas under the "injury rule," the cause of action accrues at the time of the alleged infringement, regardless of the plaintiff's knowledge of the infringement.

[4]     While applying the injury rule, the *Petrella* Court noted that circuits have applied a discovery rule to copyright claims—but observed that the Supreme Court has not done so. *Id.* at 670 n.4; *see also SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 962 (2017) (observing that the Supreme Court has "'not passed on the question' [of] whether the Copyright Act's statute of limitations is governed by" the discovery rule (citation omitted)).

which applies to the Copyright Act's statute of limitations, and pursuant to which "the statute of limitations runs separately from each *violation*." *Id.* (emphasis added).

Notably, the Court in *Petrella* quoted and cited *Bay Area Laundry* for the proposition that a claim ordinarily accrues "when a plaintiff has 'a complete and present cause of action.'" *Id.* at 201 (citation omitted). In that case, Justice Ginsburg, writing for a unanimous Court, made clear that it is "the standard rule that the limitations period commences when the plaintiff has 'a complete and present cause of action,'" relying on a case in which the statute of limitations at issue used the word "accrues," like that of the Copyright Act. *Id.* (citing *Rawlings v. Ray*, 312 U.S. 96, 98 (1941) (limitation period runs "after the cause of action shall accrue"); *see also Bay Area Laundry*, 522 U.S. at 201 ("All statutes of limitation begin to run when the right of action is complete." (quoting *Clark v. Iowa City*, 87 U.S. 583, 589 (1875))). "Unless Congress has told us otherwise in the legislation at issue, a cause of action . . . become[s] 'complete and present' for limitations purposes [when] the plaintiff can file suit and obtain relief." *Bay Area Laundry*, 522 U.S. at 201.

This Court has acknowledged that *Petrella*'s reasoning is inconsistent with the application of the "discovery rule." In a 2020 decision, the Court observed that the holding of *Petrella* "takes as given that a copyright claim accrues when an

11

infringing act occurs (the 'incident of injury' rule) . . . ." *Energy Intel. Grp., Inc.*, 948 F.3d at 271 n.5; *see also Yue v. MSC Software Corp.*, No. 15-cv-05526, 2016 WL 3913001, at *1 (N.D. Cal. July 20, 2016) ("Some language in *Petrella* does appear to embrace an injury-rule analysis.").[5]  Shortly after *Petrella* was decided, one circuit court recognized that *Petrella* casts the discovery rule's validity into question.  *See Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 618 (7th Cir. 2014).

The Courts of Appeals, including this one, are correct to question whether the word "accrue" incorporates the discovery rule, as some prior precedents simply assume.  Just three years after *Petrella*, the Supreme Court again suggested that it does not.  *See SCA Hygiene*, 137 S. Ct. 954.

*SCA Hygiene* was a follow-on to *Petrella*; it presented the question of whether, in light of *Petrella*, the equitable defense of laches applied to otherwise

---

[5]     It is of no consequence that this Court applied the discovery rule in two copyright cases very shortly after *Petrella* was decided.  *See Graper*, 756 F.3d at 393; *Aspen Tech., Inc. v. M3 Tech., Inc.*, 569 F. App'x 259, 264 (5th Cir. 2014).  In *Graper*, neither side argued against the application of the discovery rule, or even brought the decision in *Petrella* to the panel's attention, according to a review of the docket.  In *Aspen* (an unpublished opinion), the defendant-appellant brought *Petrella* to the panel's attention, *see* Supplemental Authority, No. 12-20388 (5th Cir. May 23, 2014), but did not argue—as Hearst does here—that *Petrella* stood for the proposition the plaintiff-appellee's claim was untimely.  *See Gahagan v. United States Citizenship & Immigr. Servs.*, 911 F.3d 298, 302 (5th Cir. 2018) ("An opinion restating a prior panel's ruling does not *sub silentio* hold that the prior ruling survived an uncited Supreme Court decision.").

timely claims for *patent* infringement.  In arguing that the defense *did* apply, the respondents in that case attempted to distinguish the Patent Act's statute of limitations—which runs from the time of "infringement," *see* 35 U.S.C. § 286—from that of the Copyright Act—which runs from the time of "accru[al]."  *SCA Hygiene*, 137 S. Ct. at 962 (quoting respondents' brief).  Respondents then made the same faulty assumption the Courts of Appeals have made that the Copyright Act silently departs from the default rule and includes a discovery rule, by claiming that accrual takes place when the plaintiff "learn[s] of the [copyright] infringement."  *Id.*

Consistent with *Petrella*, the Supreme Court was quick to (again) point out the flawed assumption:  "This argument misunderstands the way in which statutes of limitations generally work."  *Id.* at 962.  "[I]t is not ordinarily true" that "the accrual of a claim, the event that triggers the running of a statute of limitations, occurs when 'a plaintiff knows of a cause of action.'"  *Id.* (quoting respondents' brief); *see also id.* (discovery rule is "not a universal feature of statutes of limitations").  The Court then reiterated that, in *Petrella*, it "specifically noted that '[it] ha[d] not passed on the question' whether the Copyright Act's statute of limitations is governed by" the discovery rule.  *Id.* (quoting *Petrella*, 572 U.S. at 670 n.4).

While the Supreme Court in both *Petrella* and *SCA Hygiene* declined to decide whether the discovery rule applies to the Copyright Act's statute of limitations, the Court's articulation of when claims generally accrue, and its explanation how statutes of limitations generally work, leads to the conclusion that it does *not* apply.

Second, in *Rotkiske*, the Supreme Court provided crucial guidance on how to interpret statutes of limitations generally:  It declined to "read in" a "discovery rule" to the statute of limitations under the Fair Debt Collection Practices Act ("FDCPA"), because "[i]t is a fundamental principle of statutory interpretation that absent provision[s] cannot be supplied by the courts."  *Rotkiske*, 140 S. Ct. at 360-61 (second alteration in original) (citation and quotation marks omitted).  The Supreme Court therefore affirmed a Third Circuit ruling that "there is no default presumption that all federal limitations periods run from the date of discovery."  *Id.* at 359.

The Supreme Court's reasoning, grounded in basic principles of statutory construction, is applicable to *all* statutes of limitations, and not just that of the FDCPA.  It starts from the premise that "Congress legislates against the 'standard rule that the limitations period commences when the plaintiff has a complete and present cause of action.'"  *Id.* at 360 (quoting *Graham Cnty.*, 545 U.S. at 418-19).  Absent clear language from Congress to the contrary, federal statutes are subject to

an injury rule, not a discovery rule. *Id.* at 360-61. With no such clear language in the FDCPA, the Court in *Rotkiske* resolved a circuit split by rejecting the Ninth Circuit's application of the discovery rule to toll the running of the statute of limitations for claims brought under the FDCPA. *Id.* at 359-61.

That the statute of limitations at issue in *Rotkiske* uses the word "occurs," while the Copyright Act's statute of limitations uses the word "accrues," is a distinction without a difference. *See Gabelli*, 568 U.S. at 448 (applying "standard rule" to statute of limitations that uses the word "accrue[]"); *Bay Area Laundry*, 522 U.S. at 201 (relying on cases holding that limitations period, which runs from date of "accrual," runs once plaintiff has complete and present cause of action). Neither statute references the "discovery rule," and "accrue" is not the opposite of "occur." Rather, the plain meaning of accrue has the definition ascribed to by Supreme Court precedent, *see supra* Point A, and "[i]t is not ordinarily true" that "the accrual of a claim . . . occurs when 'a plaintiff knows of a cause of action,'" *SCA Hygiene*, 137 S. Ct. at 962.

Moreover, the Supreme Court in *Rotkiske* criticized what it viewed as an "expansive approach to the discovery rule," rejecting federal courts' collective willingness to "read in a provision stating that [the applicable] limitations period begins to run on the date an alleged . . . violation is discovered," even where Congress has declined to include such language itself. The Supreme Court

described this common practice as a "bad wine of recent vintage." *Rotkiske*, 140 S. Ct. at 360-61 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 37 (2001) (Scalia, J., concurring in judgment)).

*Rotkiske* is a significant step in the Supreme Court's movement away from a presumed-discovery-rule approach to interpreting statutes of limitations, building off a decision 18 years prior in *TRW Inc. v. Andrews*, 534 U.S. 19 (2001). In *TRW*, the Supreme Court recognized that it had only ever applied the discovery rule to statutes of limitations in the context of "fraud or concealment," or "latent disease and medical malpractice, where the cry for such a rule is loudest." *Id.* at 27 (citations, alterations, and quotation marks omitted). Yet *TRW* left open the question of whether "all federal statutes of limitations, regardless of context, incorporate a general discovery rule unless Congress has expressly legislated otherwise." *Id.* (citation and quotation marks omitted). That question has now been answered by *Rotkiske*, which rejects any such presumption, and cites with approval Justice Scalia's opinion concurring in judgment in *TRW*.

*Petrella* and *Rotkiske*'s application to the Copyright Act is straightforward: The statute of limitations states that "[n]o civil action shall be maintained under the [Copyright Act] unless it is commenced within three years after the claim *accrued*." 17 U.S.C. § 507(b) (emphasis added). The language of Section 507 does not state or suggest that the limitations period is tolled until the infringement

is discovered.[6]  Because (i) a claim for infringement under the Copyright Act

"accrue[s] *when an infringing act occurs*," *Petrella*, 572 U.S. at 670-71 (alteration

in original) (emphasis added) (citation and quotation marks omitted), and (ii) per

*Rotkiske*, to read the "discovery rule" into the statute when Congress has not

included such language would violate a basic tenet of statutory construction, it

follows that the discovery rule does not apply to the Copyright Act.

---

[6]      Congress knows how to add such a provision, when it wants to do so.  *See, e.g.*, 12 U.S.C. § 3416 ("An action to enforce any provision of this chapter may be brought in any appropriate United States district court without regard to the amount in controversy within three years from the date on which the violation occurs *or the date of discovery of such violation, whichever is later*." (emphasis added)); 15 U.S.C. § 77m ("No action shall be maintained to enforce any liability created under section 77k or 77*l*(a)(2) of this title unless brought within one year *after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence*." (emphasis added)); 15 U.S.C. § 1681p ("An action to enforce any liability created under this subchapter may be brought . . . *not later than the earlier of—*(1) *2 years after the date of discovery by the plaintiff* of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." (emphasis added)); 18 U.S.C. § 1030 ("No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of *or the date of the discovery of the damage*." (emphasis added)); 42 U.S.C. § 9612(d)(2) ("No claim may be presented under this section for recovery of the damages referred to in section 9607(a) of this title unless the claim is presented within 3 years after the later of the following: (A) *The date of the discovery of the loss and its connection with the release in question*. (B) The date on which final regulations are promulgated under section 9651(c) of this title." (emphasis added)); 50 U.S.C. § 4611(k)(3) ("An action under this subsection shall be commenced not later than 3 years after the violation occurs, *or one year after the violation is discovered, whichever is later*." (emphasis added)).  It did not do so with the Copyright Act.

**C.     The Court Should Follow the Reasoning of Judge Murphy's Concurring Opinion in *Everly v. Everly*.**

The argument advanced in this motion finds support in a thoroughly reasoned concurring opinion issued by Judge Murphy of the United States Court of Appeals for the Sixth Circuit.  *Everly*, 958 F.3d at 459 (Murphy, J., concurring).

In explaining why the "occurrence rule," not the "discovery rule," applies to the Copyright Act's statute of limitations, Judge Murphy applied a sensible two-step analysis.  First, "[a]s in any statutory context, we must start with the plain text."  *Id.* at 461.  Here, the Copyright Act's use of the word "accrues" "shows that the limitations period begins to run when the cause of action 'comes into existence' or 'when a suit may be maintained' on the cause of action, not when a plaintiff later discovers the cause of action."  *Id.* (quoting *Accrue, Ballentine's Law Dictionary* (3d ed. 1969) (defining "accrue" for purposes of a cause of action); *Accrue, Black's Law Dictionary* (4th ed. 1951) (same)).  That is the same meaning that the Supreme Court has assigned to the word "accrue" under the Copyright Act in *Petrella*, and to other federal statutes, *see Gabelli*, 568 U.S. at 448.

Second, under *Rotkiske*, even if there was some ambiguity to the statute, "[w]hen 'there are two plausible constructions of a statute of limitations,'" courts should generally "'adopt the construction that starts the time limit running when the cause of action . . . accrues,' not when the plaintiff discovers the cause of action."  *Everly*, 958 F.3d at 461 (quoting *Rotkiske*, 140 S. Ct. at 360).  "Here, the

Copyright Act's statute of limitations can at least plausibly be read to use an occurrence rule. That should end the matter." *Everly*, 958 F.3d at 461.

Commenting on precedents that reach a contrary conclusion, Judge Murphy accurately observed that "most of these decisions merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent." *Id.*

This Court's earlier precedents applying the discovery rule suffer from this precise flaw. *See Pritchett v. Pound*, 473 F.3d 217, 220 (5th Cir. 2006) (applying discovery rule upon applying Second Circuit precedent, without further analysis); *Aspen*, 569 F. App'x at 264 (applying discovery rule, incorrectly relying on to precedent under prior Copyright Act of 1909,[7] without further analysis); *Jordan v. Sony BMG Music Ent. Inc.*, 354 F. App'x 942, 945 (5th Cir. 2009) (applying discovery rule, citing *Pritchett*, without further analysis).

---

[7] The quotation on which *Aspen* relies concerns the application of *fraudulent concealment*, a long-recognized equitable tolling doctrine that is "fundamentally different than the discovery rule." *Achee v. Port Drum Co.*, 197 F. Supp. 2d 723, 736 (E.D. Tex. 2002); *see also Aspen*, 569 F. App'x at 264 (quoting *Prather v. Neva Paperbacks, Inc.*, 446 F.2d 338, 341 (5th Cir. 1971)). Here, of course, there is no argument (and could be no argument) that Hearst's use of the Photographs on publicly available websites was "concealed" in any way. Yet even more importantly: In reaching the question of whether fraudulent concealment applied to toll the plaintiff's claim, this *Prather* Court first *rejected* the argument that the "Blameless Ignorance" rule—*i.e.*, the discovery rule—applied to the statute of limitations under the Copyright Act of 1909. This is relevant to understanding the statute of limitations under the 1976 Act, as discussed *infra* Section D.

Indeed, in *Graper*, this Court—in observing that "[o]ther circuits agree that [the discovery rule] is the proper inquiry," 756 F.3d at 393 n.5—relied on two pre-*Rotkiske* and *Petrella* cases that employed the now-rejected reasoning that statutes of limitations for federal actions are *presumed* to start running at the time of discovery. *Compare supra* pp. 13-16, *with Graper*, 756 F.3d at 393 n.5 (citing *Cooper v. NCS Pearson, Inc.*, 733 F.3d 1013, 1015 (10th Cir. 2013) ("[T]he statute of limitations for a federal cause of action *generally* begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." (emphasis added) (citation and quotation marks omitted)), *and William A. Graham Co. v. Haughey*, 568 F.3d 425, 434 (3d Cir. 2009) ("[I]n the absence of a contrary directive from Congress, we apply the federal discovery rule." (citation and quotation marks omitted))); *see also Everly*, 958 F.3d at 462 (further addressing the reasoning of *William A. Graham*).

Because this Court's earlier cases rely on case law that cannot be reconciled with more recent Supreme Court precedent, they need not be followed. *See Gahagan*, 911 F.3d at 302 (panel need not follow prior panel rulings that have been "implicitly overruled" by "a subsequent Supreme Court opinion"; "[w]hether a Supreme Court decision implicitly overrules a prior Fifth Circuit decision depends on context," and "[t]hat two decisions involve different statutes is not

dispositive," because "[s]ometimes a Supreme Court decision involving one statute

implicitly overrules our precedent involving another statute").

**D.    The Only Court of Appeals Case Applying the Discovery Rule that Engages in an Exercise of Statutory Construction Is Based on Incomplete and Now-Rejected Reasoning.**

As Judge Murphy recognized, the Third Circuit's decision in *William A. Graham* is perhaps the only Court of Appeals opinion to engage in an exercise of statutory construction to support a holding that the discovery rule applies to the Copyright Act's statute of limitations.  Its analysis is incorrect, for three reasons.

First, as noted above, *William A. Graham* is premised on the now-rejected reasoning that courts must presume that the "discovery rule" applies to statutes that are silent on the matter.  *Compare id.* at 434 ("[I]n the absence of a contrary directive from Congress, we apply the federal discovery rule." (citation and quotation marks omitted)), *with Rotkiske*, 140 S. Ct. at 360-61 (declining to "read in" a "discovery rule" to the statute of limitations under the FDCPA, because "[i]t is a fundamental principle of statutory interpretation that absent provision[s] cannot be supplied by the courts" (second alteration in original) (citation and quotation marks omitted)), *id.* at 359 (affirming a Court of Appeals ruling that "there is no default presumption that all federal limitations periods run from the date of discovery."), *and id.* at 360 ("Congress legislates against the 'standard rule

that the limitations period commences when the plaintiff has a complete and present cause of action.'").

Second, as Judge Murphy observed in his concurring opinion, in concluding that that word "accrue" triggers the "discovery rule," the Third Circuit relied on an inapposite decision interpreting the statute of limitations under the Federal Employers' Liability Act. That Act sought to achieve the "human[e]" objective of providing railroad employees with remedies for on-the-job injuries, including from inhaled toxic matter they may not learn about until years later. *Everly*, 958 F.3d at 462 (quoting and addressing *Urie v. Thompson*, 337 U.S. 163, 170 (1949)). But the Supreme Court "has since rejected the same humanitarian departure from text . . . ." *Everly*, 958 F.3d at 462. The Supreme Court has also made clear that the Copyright Act is not a "humanitarian" statute, as it does not place a thumb on the scale in favor of plaintiffs. *See Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994) (in rejecting presumption to prevailing plaintiffs' entitlement to attorneys' fees by analogy to Civil Rights Act, "the policies served by the Copyright Act are more complex, more measured, than simply maximizing the number of meritorious suits for copyright infringement").

Third, in presuming that "accrue" (used in the Copyright Act's statute of limitations for *civil* claims, 17 U.S.C. § 507(b)) must mean something different than "arise" (used in the Copyright Act's statute of limitations for *criminal* matters,

17 U.S.C. § 507(a)), *William A. Graham* ignores the history of statutes of limitation under federal copyright acts.

The statutes of limitations in the Copyright Act of 1976 were carried over, verbatim in substance, from the Copyright Act of 1909, which had been amended in 1957 to add a statute of limitations for civil claims. *Compare* 17 U.S.C. § 107, *with* 17 U.S.C. § 115 (1958); *see also* Act of September 7, 1957, Pub. L. No. 85–313, 71 Stat. 633.[8]  Courts and commentators have recognized that Congress intended for the statutes of limitations under the 1976 Act to apply just as they had applied under the 1909 Act. *See Stone v. Williams*, 970 F.2d 1043, 1047 (2d Cir. 1992); *Taylor v. Meirick*, 712 F.2d 1112, 1118 (7th Cir. 1983); 6 William F. Patry, *Patry on Copyright* § 20:13 ("The Copyright Office repeatedly stated an intention not to change the approach taken in the 1957 Act, an intention endorsed by all Congressional committee reports.") (citing numerous reports and other legislative history).

Under the 1909 Act (as amended in 1957), this Court interpreted the word "accrue" to mean the incident-of-injury rule, *not* the discovery rule. *See Prather*, 446 F.2d at 339 (rejecting application of a "Blameless Ignorance rule"—*i.e.*, the

---

[8]      The legislative history does not indicate why, in adding a statute of limitations for civil claims, Congress used the word "accrue" rather than the word "arise" that was already used for criminal matters. *See, e.g.*, S. Rep. No. 85-1014 (1957), *as reprinted in* 1957 U.S.C.C.A.N. 1961, 1963.

"discovery rule"—to "toll the three year statute of limitations," and instead holding that the claim accrued at the time of "the last publication of the alleged infringing work"). Other courts reached the same conclusion under that Act. *See also Prather v. Camerarts Publ'g Co.*, No. 68 C 1496, 1972 WL 17668, at *4 (N.D. Ill. Apr. 19, 1972) (claims untimely where allegedly infringing use was "neither published, sold nor distributed within three years of the time this cause was commenced"), *aff'd sub nom. Prather v. Camerarts Publ'g Co.*, 481 F.2d 1406 (7th Cir. 1973); *Baxter v. Curtis Indus., Inc.*, 201 F. Supp. 100, 101 (N.D. Ohio 1962) ("[T]he period of limitation began from the date of the last infringing act.").

Congress, in enacting the 1976 Act, would have been aware of this case law interpreting the word "accrue" under the prior Act's statute of limitations. It could have added the discovery rule, if it wanted to. *See supra* note 6. It did not do so. Its deliberate decision to carry identical language over from the 1909 Act (as amended) to the 1976 Act suggests that Congress did not intend to adopt the discovery rule.

This conclusion is bolstered by a review of the legislative history for the 1957 amendment to the 1909 Act, which added a statute of limitations for civil claims. The Senate Report indicates that all witnesses before the House Judiciary Committee "agreed to a 3-year uniform period, feeling that this represents the best balance attainable to this type of action." *Auscape Int'l v. Nat'l Geographic Soc'y*,

409 F. Supp. 2d 235, 245 (S.D.N.Y. 2004) (citing S. Rep. No. 85-1014, at 2

(1957), *as reprinted in* 1957 U.S.C.C.A.N.1961, 1962).  Further:

> It was pointed out that due to the nature of publication of
> works of art that generally the person injured receives
> reasonably prompt notice or can easily ascertain any
> infringement of his rights. The committee agrees that 3
> years is an appropriate period for a uniform statute of
> limitations for civil copyright actions and that it would
> provide an adequate opportunity for the injured party to
> commence his action.

*Id.*; *see also id.* ("copyright infringement by its very nature is not a secretive

matter," and rather is "an act which normally involves the general publication of

the work or its public performance") (citing *Copyrights—Statute of Limitations:*

*Hearing on H.R. 781 Before the H. Comm. on the Judiciary, Subcomm. 3*, 84th

Cong. 11, 51 (1955)).

In an opinion that the leading treatise on copyright law describes as

"scholarly," 3 Melville Nimmer, *Nimmer on Copyright* § 12.05[B][2][b],[9] Judge

Kaplan of the United States District Court for the Southern District of New York

inferred from this Senate Report and these statements in the Congressional record

---

[9]    Professor Nimmer's treatise leaves little doubt that its authors believe that, in applying the discovery rule to interpret the moment of "accrual," inferior courts have ignored Supreme Court guidance in favor of a rule that causes confusion and inconsistency, contrary to Congress's intent. *See generally* Nimmer, *supra*, § 12.05[B][2]; *see also id*. § 12.05[B][2][b] ("To date, all Courts of Appeals have adopted the discovery rule, leaving only *logic* in support of the injury rule.").

that Congress (i) intended for a "fixed" statute of limitations, and not one that "would depend on something as indefinite as when the copyright owner learned of the infringement," and (ii) Congress "intended the three-year period to begin at the date of infringement." *Auscape Int'l*, 409 F. Supp. 2d at 245.

Judge Kaplan also observed that a "substantial focus" of the Congressional hearings was on whether to codify equitable doctrines, including fraudulent concealment, a "superfluous" exercise if Congress had assumed the discovery rule would govern accrual, anyway. *See Auscape*, 409 F. Supp. 2d at 246-47. "If an infringement claim would not accrue until the copyright holder knew of the infringement, the question whether the holder's ignorance was attributable to simple ignorance or concealment would have been immaterial." *Id.*

### E. The Circuit Split Between the Second and Ninth Circuit Demonstrates that the Discovery Rule Cannot Be Squared with Supreme Court Precedent.

This case arrives before this Court at an inflection point. The Ninth and Second Circuits have recently split on the application of the Copyright Act's statute of limitations post-*Petrella*. While neither has the correct approach, their analyses draw attention to the unworkability of the discovery rule after *Petrella*.

In *Sohm*, the Second Circuit considered itself bound by "settled principles of *stare decisis*" to apply the discovery rule to the Copyright Act's statute of limitations, based on its prior cases. *See Sohm*, 959 F.3d at 50. It did, however,

understand *Petrella* to "explicitly delimit[] damages to the three years prior to the commencement of a copyright infringement action." *Id.* at 51. As the *Sohm* court saw it, the Supreme Court was clear in *Petrella* that a copyright plaintiff may only obtain relief for acts of infringement within three years prior to filing suit, and "the infringer is insulated from liability for earlier infringements of the same work." *Id.* at 52 (quoting *Petrella*, 572 U.S. at 671). Therefore, although a claim may be timely due to the discovery rule, "a plaintiff's recovery is limited to damages incurred during the three years prior to filing suit." *Sohm*, 959 F.3d at 52.

Last month, the Ninth Circuit rejected the *Sohm* approach, while doubling down on its commitment to the judge-made discovery rule, due to the weight of non-Supreme Court precedent. *Starz*, 39 F.4th 1236. "Applying a separate damages bar based on a three-year 'lookback period' that is 'explicitly dissociated' from the Copyright Act's statute of limitations in § 507(b) would eviscerate the discovery rule," the *Starz* court reasoned. *Id.* at 1244. Labeling the *Sohm* approach an "absurdity," the Ninth Circuit observed that "[t]here is no reason for a discovery rule if damages for infringing acts of which the copyright owner reasonably becomes aware years later are unavailable." *Id.* "[R]ecognizing a damages bar would render the 'discovery rule' functionally identical to the 'incident of injury' rule," which the Ninth Circuit was unwilling to do. *Id.* Thus, a copyright plaintiff is "not barred from seeking damages for all acts of

infringement," even where the infringing act occurred more than three years before the complaint was filed. *Id.* at 1247.

Both the Second Circuit and the Ninth Circuit considered themselves bound by prior precedent to apply the discovery rule. To its credit, the *Sohm* court sought to layer the Supreme Court's guidance from *Petrella* onto its application of the discovery rule. But the Ninth Circuit's criticism of *Sohm* is also fair: There is no support in 17 U.S.C. § 507(b) for the proposition that the time period for which damages are available can be extricated from the time period a plaintiff has to bring the case.

Rather, the damages to which a copyright plaintiff is entitled is controlled by 17 U.S.C. § 504(a) through (c)—and a review of those subsections reveals another flaw in *Sohm*'s reasoning. Under the Copyright Act, plaintiffs may elect to seek an award of *statutory* damages "for all infringements involved in the action." 17 U.S.C. § 504(c)(1); *see also* 17 U.S.C. § 412 (prerequisites for seeking statutory damages). When awarding statutory damages, a fact finder is afforded discretion to award a copyright plaintiff anywhere from $750 to $30,000 per work infringed (reduced to $250 if the defendant can show "innocent" infringement, or increased to $150,000 if the plaintiff can show "willful" infringement). Importantly, a statutory damages plaintiff does not need to introduce *any* evidence of actual damages in order to maintain a case. *See Energy Intel. Grp., Inc.*, 948 F.3d at 272.

The Copyright Act's statutory damages regime is difficult to square with *Sohm*. If a statutory damages plaintiff may maintain an action for a long-ago infringement (due to the discovery rule) but has a three-year "time limit for damages" they can recover (*per Sohm*), then it is unclear if that plaintiff—with no obligation to introduce any evidence of any damages—can recover statutory damages for that long-ago "infringement[] involved in the action." 17 U.S.C. § 504(c)(1). Either way, Section 504, which provides "detailed instructions as to the proper calculation of actual and statutory damages and profits," *Starz*, 39 F.4th at 1246, does not state that damages are limited to a "lookback" period.

In contrast, the Ninth Circuit in *Starz* is faithful in full to the discovery rule. That is its flaw.

*Starz* starts off well enough, acknowledging that a "claim ordinarily accrues when the plaintiff has a 'complete and present cause of action." *Starz*, 39 F.4th at 1239 (citing *Bay Area Laundry*, 522 U.S. at 201). Even better, it notes that, "[i]n the copyright context, a claim accrues when an infringing act occurs," and that happens the moment "the infringer violates any of the exclusive rights of the copyright owner." *Starz*, 39 F.4th at 1239-40 (citations and quotation marks omitted).

But it then pivots, holding that a claim for copyright infringement can later *re-accrue*. *Id.* ("[T]his is not the only time a claim accrues."). This appears to be

the *Starz* court's justification for allowing its judge-made discovery rule to exist

alongside the Supreme Court precedents it acknowledges.  *Starz* then describes

how the Ninth Circuit has applied the discovery rule in copyright infringement

claims since 1994, but (i) it does not explain how the text of 17 U.S.C. § 507(b)

supports a time-of-discovery accrual (that, apparently, exists alongside and

supplements the "ordinar[y]" accrual at the moment the "infringing act occurs"),[10]

(ii) the cases *Starz* cites do not provide any explanation or statutory analysis,

either, *see Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir.

2004), *as amended on denial of reh'g and reh'g en banc* (Oct. 25, 2004), *opinion

amended on denial of reh'g*, No. 03-35188, 2004 WL 2376507 (9th Cir. Oct. 25,

2004); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994).

    That *Starz* and *Sohm* struggle to square the discovery rule with *Petrella* and

other recent Supreme Court precedent belies the correct approach:  The discovery

rule does not apply, as Judge Murphy explained in his thorough concurring

opinion.  While the Second and Ninth Circuits considered themselves bound by

prior precedent to apply the discovery rule, this Court is not so bound, *see supra*

pp. 20-21.  In keeping faith with clear guidance from Supreme Court precedent,

---

[10]    Again, Congress knows how to draft a discovery rule accrual statute of
limitations, when it wants to, *see supra* note 6; it did not do so with the Copyright
Act; and when it does draft a discovery rule statute of limitations, Congress states
that a claim accrues only once, not multiple times, *see supra* note 6.

this Court can and should hold that the discovery rule does not apply to the

Copyright Act's statute of limitations.

## CONCLUSION

For the reasons set forth herein, Hearst respectfully requests that the Court

reverse the order and judgment of the district court, and remand with direction to

the district court to enter final judgment in favor of Defendants-Appellants Hearst

Newspapers, LLC and Hearst Magazine Media, Inc.

Dated: August 31, 2022                    Respectfully submitted,

                                          s/ Jonathan R. Donnellan
                                          Jonathan R. Donnellan
                                          Ravi V. Sitwala
                                          Nathaniel S. Boyer
                                          The Hearst Corporation
                                             Office of General Counsel
                                          300 West 57th Street
                                          New York, New York 10019
                                          (212) 841-7000

                                          *Attorneys for Defendants-Appellants*
                                          *Hearst Newspapers, LLC and Hearst*
                                          *Magazine Media, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 31, 2022, I caused the foregoing document to be served on all counsel of record using the Court's electronic filing system.

s/ Jonathan R. Donnellan

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,612 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This count is from the word-count function of Microsoft Word.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word Version 16.0.14931.20652 (part of Microsoft Office 365 MSO) in 14-point Times New Roman font.

s/ Jonathan R. Donnellan

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I hereby certify that, in the foregoing brief filed using the Fifth Circuit CM/ECF document filing system, (1) the privacy redactions required by Fifth Circuit Rule 25.2.13 have been made, (2) the electronic submission is an exact copy of the paper document, and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

Dated:  August 31, 2022                    s/ Jonathan R. Donnellan

Jonathan R. Donnellan
The Hearst Corporation
    Office of General Counsel
300 West 57th Street
New York, New York 10019
Phone:  (212) 841-7000
jdonnellan@hearst.com